NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0508n.06

Case No. 22-3126

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

FILED
Dec 07, 2022
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| | ) | |
| KRAIG MONSANTO, | ) | |
| Defendant-Appellant. | ) | |
| | ) | OPINION |

Before: LARSEN, DAVIS, and MATHIS, Circuit Judges

**MATHIS, Circuit Judge.** Kraig Monsanto pleaded guilty to being a felon in possession of a firearm and the district court sentenced him to 60 months of imprisonment. Monsanto now appeals, challenging the reasonableness of his sentence. We affirm.

## I. BACKGROUND

On December 7, 2020, law enforcement officers stopped Monsanto in Akron, Ohio, for having extremely dark tint on his windows. During the stop, the officers asked Monsanto if he had anything illegal in the vehicle and Monsanto responded that he had a pistol under the driver's seat. From the space between the driver's seat and the center console, the officers recovered a loaded Beretta, model 70S, .380 caliber pistol. Monsanto informed the officers that he did not have a license to carry, that he had possessed the gun for approximately two years, and that he had purchased it for protection, although he knew that he was not legally permitted to do so. In

response, the officers issued Monsanto a summons and released him from the scene without incident.

On February 18, 2021, a federal grand jury returned a one-count indictment charging Monsanto with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Three months later, he was arrested and released on bond. As part of his bond conditions, Monsanto was ordered not to use or unlawfully possess controlled substances unless prescribed by a licensed medical practitioner.

On August 12, 2021, a pretrial violation report indicated that Monsanto tested positive for cocaine. Monsanto admitted to using marijuana but denied cocaine use. Despite this alleged violation, Monsanto was allowed to remain on bond.

On October 5, 2021, Monsanto entered a guilty plea to the felon in possession charge. Subsequent to his guilty plea, Monsanto tested positive for marijuana use two more times.

The probation office prepared a Pre-Sentence Report ("PSR"). Neither party objected to the PSR. Because Monsanto had two prior felony domestic violence convictions, his base offense level was 24. With a three-level reduction for acceptance of responsibility, his adjusted base offense level was 21. Monsanto had eight criminal history points, placing him in criminal history category IV.

Prior to sentencing, Monsanto submitted a sentencing memorandum asking the district court to "consider a sentence sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. § 3553." [R. 42, PageID 155.] Monsanto asked the court to "consider his age, strong employment history, educational background, supportive family, sincere remorse, request for a downward variance, the average sentences for firearm offenders, and the overstatement of his

criminal history given his lack of recent convictions . . . to impose a sentence of 30 months' imprisonment with credit for time served." [*Id.*]

At sentencing, the district court confirmed that Monsanto had a total offense level of 21 and a criminal history category of IV, for a sentencing guideline range of 57 to 71 months of imprisonment. Monsanto renewed his request for a downward variance of four offense levels based primarily on his contention that the PSR overrepresented his criminal history. After considering Monsanto's criminal history, which the district court found was "underrepresented," Monsanto's conduct while on supervision, "everything" that Monsanto did "prior to" and "since" his arrest, and the guideline range of 57 to 71 months, the court sentenced Monsanto to a within-Guidelines range sentence of 60 months of imprisonment. [R. 53, PageID 200-04.]

## II. ANALYSIS

Monsanto challenges the procedural and substantive reasonableness of his sentence. The reasonableness of a sentence is reviewed under the "deferential abuse-of-discretion standard." *United States v. Alexander*, 543 F.3d 819, 821 (6th Cir. 2008) (quoting *Gall v. United States*, 552 U.S. 38, 52 (2007)). First, we consider whether the district court has committed a procedural error. *See United States v. Wright*, 747 F.3d 399, 413 (6th Cir. 2014). If we determine that the sentence is procedurally reasonable, we then assess whether the sentence is substantively reasonable. *Id.* The district court's factual findings are reviewed for clear error and its legal conclusions are reviewed *de novo*. *Id.* (citing *United States v. Bolds*, 511 F.3d 568, 579 (6th Cir. 2007)).

A.

*Procedural Reasonableness.* Procedural reasonableness requires district courts to "properly calculate the guidelines range, treat that range as advisory, consider the sentencing factors in 18 U.S.C. § 3553(a), refrain from considering impermissible factors, select the sentence

based on facts that are not clearly erroneous, and adequately explain why it chose the sentence." *United States v. Rayyan*, 885 F.3d 436, 440 (6th Cir. 2018) (citing *Gall*, 552 U.S. at 51); *see also United States v. Collington*, 461 F.3d 805, 808 (6th Cir. 2006) (stating that a sentence may be procedurally unreasonable if the district court "fails to consider the applicable Guidelines range or neglects to consider the other factors listed in 18 U.S.C. § 3553(a), and instead simply selects what the judge deems an appropriate sentence without such required consideration" (quoting *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005)).

The district court did not commit reversible error. The district court, relying on the PSR, properly calculated the sentencing guideline range and recognized that the range was not mandatory. It considered the § 3553(a) factors. The district court did not consider any impermissible factors. The district court considered Monsanto's sentencing memorandum and explained why it chose the sentence. In particular, the court cited Monsanto's: (1) criminal history, which it concluded was underrepresented by the criminal history points assessed to him, (2) failure to adhere to his bond conditions, and (3) acceptance of responsibility. (*Id.*) Monsanto has not contested the accuracy of the court's factual determinations.

Monsanto argues that the district court failed to properly consider his request for a downward variance from the sentencing guideline range. Monsanto's primarily based his downward variance request on his criminal history. First, he asserted that his two prior domestic violence convictions, though arising from separate incidents, should have been considered as one sentence. And second, he believed his criminal history was overrepresented in the PSR because it did not take into account that Monsanto only had one criminal conviction since 2009. The district court acknowledged that Monsanto was seeking a downward variance: "I read your lawyer's sentencing memo with great interest, and she is asking that I give some consideration or downward

variance." [R. 53, PageID 200]. But the district court reached the opposite conclusion from Monsanto. It found that Monsanto's criminal history was *under*represented in the PSR because he did not receive criminal history points for thirteen of his prior convictions. Regarding the two domestic violence convictions, the court did not seem inclined to consider those as one sentence. In fact, the court seemed troubled that Monsanto received a suspended sentence for the first domestic violence conviction and, thereafter, was charged with several additional crimes, including the second domestic violence offense. Monsanto's sentence was procedurally reasonable.

B.

*Substantive Reasonableness.* "[S]ubstantive reasonableness focuses on whether a 'sentence is too long (if a defendant appeals) or too short (if the government appeals).'" *United States v. Parrish*, 915 F.3d 1043, 1047 (6th Cir. 2019) (quoting *Rayyan*, 885 F.3d at 442). If a sentence falls within a defendant's sentencing guideline range, it is presumptively reasonable. *United States v. Pirosko*, 787 F.3d 358, 374 (6th Cir. 2015); *United States v. Christman*, 607 F.3d 1110, 1118 (6th Cir. 2010).

Additionally, "in gauging the substantive reasonableness of a sentence, we ask whether the sentencing court gave reasonable *weight* to each relevant factor." *United States v. Boucher*, 937 F.3d 702, 707 (6th Cir. 2019) (emphasis in original). "If 'the court placed too much weight on some of the § 3553(a) factors and too little on others,' the sentence is substantively unreasonable regardless of whether the court checked every procedural box before imposing sentence." *Id.* (quoting *United States v. Parrish*, 915 F.3d 1043, 1047 (6th Cir. 2019); *see also United States v. Warren*, 771 F. App'x 637, 641-42 (6th Cir. 2019) (reversing upward variance, even though "the district court engaged in a thorough discussion of several factors set forth in" § 3553(a) because

the district court placed too much weight on a single factor). "The district court's decision to assign more or less weight to a given factor is 'a matter of reasoned discretion, not math, and our highly deferential review of a district court's sentencing decisions reflects as much.'" *Boucher*, 937 F.3d at 707 (quoting *Rayyan*, 885 F.3d at 442). "In all cases, this circuit gives sentencing courts broad discretion to fashion individualized, fact-driven sentences without interference from appellate courts." *Id.* at 708.

Monsanto was sentenced within his sentencing guideline range and has failed to rebut the presumption of reasonableness in this case. Monsanto contends that the district court placed an inordinate amount of weight on his criminal convictions for which he did not receive criminal history points and dismissed criminal charges. We disagree. The district court addressed Monsanto's criminal history in greater detail because Monsanto argued that the criminal history points overrepresented his prior criminal conduct. It would not have been possible for the court to assess Monsanto's overrepresentation argument without considering his criminal history. And while the district court gave weight to his dismissed criminal charges and the numerous past contacts Monsanto had with the criminal justice system, it balanced those against the positives for Monsanto, including his acceptance of responsibility and cooperation with police and reasonably concluded that a sentence near the bottom of the sentencing guideline range was appropriate. There is nothing in the record indicating that the district court did anything other than impose an "individualized, fact-driven sentence[]" in this case. *See id.*

### III. CONCLUSION

For the foregoing reasons, we affirm the imposed sentence.